

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 7, 1962

Honorable Thomas S. Bishop
Adjutant General of Texas
Austin, Texas

Opinion No. WW-1330

Re: Whether State Service
Medals may be purchased
to be awarded to National
Guardsmen of Texas
out of the current appro-
priations to the Adjutant
General's Department.

Dear General Bishop:

     In your request for an opinion from this office you ask a question which is substantially as follows:

     Whether State Service Medals may be pur-
chased to be awarded to National Guardsmen
of Texas out of the current appropriations to
the Adjutant General's Department.

     That part of the current appropriations to the Adjutant General's Department, Senate Bill No. 1, First Called Session, 57th Legislature, 1961, most pertinent to our discussion provides as follows:

"ADJUTANT GENERAL'S DEPARTMENT

|  | For the Years Ending | |
| | August 31, 1962 | August 31, 1963 |

"Out of the General Revenue Fund

| "... | $.. | $.. |
| "9.  For purchase of medals and awards to National Guardsmen as currently authorized by statute, resolution or orders by the Adjutant General, the sum of | $2,500 | $2,500" |

     By Adjutant General Order Number 1-4 (Army and Air) dated February 14, 1962, three state service medals were author-
ized to be awarded "to citizens of the State of Texas to denote

the performance of duty while in active federal service or the performance of duty as members of the Texas National Guard (Army and Air), and may be worn on all appropriate occasions except while in the Active Federal Service, as distinguished from Active Duty for training." The three authorized medals mentioned above are listed as follows:

>The Texas Meritorious Service Medal
>The Texas Faithful Service Medal
>The Texas Service Medal

Paragraph number 10 of General Order Number 1-4 prescribes the procedure for securing medals. This provision is quoted as follows:

"PROCEDURE FOR SECURING MEDALS: a. Application for Service Medals will be submitted on an individual basis, in duplicate, on Forms approved by the Adjutant General (see inclosures 1, 2 and 3) which are authorized to be reproduced locally. When application has been properly prepared and certified, it should be forwarded to the Adjutant General of Texas.

"b. Due to limited funds being made available for the purchase of Texas Service Medals, the normal practice will be that the State will present only the Service ribbon with attachments, as applicable, upon approval of the application by this Department.

"c. Individuals who desire to purchase any medal may do so by ordering same from Lauterstein's, 126 South Broadway, San Antonio, Texas, at a cost of $2.50 plus 2% State Sales Tex. Order should include a copy of General Order awarding the medal and a check or money order in the amount specified above for each medal.

". . .

"d. Application for the Texas Meritorious Service Medal must be forwarded through the Division or similar major organizational Commander."

Articles 5790 through 5794, Vernon's Civil Statutes, prescribe the statutory powers and duties of the Adjutant General. We deem it unnecessary and in the interest of brevity will not quote all of the Articles referred to above. However, the first paragraph of Article 5790, Vernon's Civil Statutes, and

Article 5793, Vernon's Civil Statutes, respectively, are especially important to the determination of this question.

Article 5790 reads as follows:

"The Adjutant General shall be in control of the military department of this State, and subordinate only to the Governor in matters pertaining to said Department, or the military forces of this State; and he shall perform such duties as the Governor may from time to time entrust to him, relative to the military commissions, the military forces, the military stores and supplies or to other matters respecting military affairs of this State; and he shall conduct the business of the Department in such manner as the Governor shall direct. He shall have the custody and charge of all books, records, papers, furniture, fixtures and other property relating to his Department, and shall perform as near as practicable, such duties as pertain to the Chief of Staff, the Military Secretary and other Chiefs of Staff Departments, under the regulations and customs of the United States Army. . . ."

Article 5793 states:

"The Adjutant General shall prescribe regulations not inconsistent with law for the government of his department and the custody, use and preservation of the records and property appertaining to it whether belonging to this or the United States, such regulations to be operative and in force when promulgated in the form of general orders, circulars or letters of instruction and shall: . . ."

A literal construction of these provisions clearly show that the provisions of the appropriation to the Adjutant General's office for the purchase of service medals are in harmony with the statutory provisions which specify the powers and duties of the Adjutant General.

Therefore, it is our opinion that the Adjutant General has authority to purchase medals to be awarded to National Guardsmen of Texas out of the current appropriations to the Adjutant General's Department.

## S U M M A R Y

The Adjutant General has authority to purchase medals to be awarded to National Guardsmen of Texas out of the current appropriations to the Adjutant General's Department.

Very truly yours,

WILL WILSON
Attorney General of Texas

By: I. Raymond Williams, Jr.
Assistant

IRW:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Jerry Roberts
Dudley McCalla
Arthur Sandlin
Norman Suarez

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.